UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-465-FDW
(3:08-cr-81-FDW-1)

| | |
|---|---|
| XAVIER PIERRE CHAPPELL, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | ORDER |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Response, (Doc. No. 6). Petitioner moves this Court to vacate his conviction on the basis of the Fourth Circuit's en banc decision in <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011). Because Petitioner's motion is untimely, the Court will dismiss the motion to vacate.

**I. BACKGROUND**

On April 24, 2008, Petitioner was charged by the Grand Jury for the Western District of North Carolina in a three-count bill of indictment, alleging that he conspired to possess with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); possessed with the intent to distribute crack cocaine and aided and abetted the same, in violation of 21 U.S.C §§ 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2; and possessed a firearm having previously been convicted of a crime punishable by more than a year in prison, in violation of 18 U.S.C. § 922(g)(1). (Criminal Case No. 3:08-cr-81, Doc. No. 3 at 1-2: Sealed Indictment).

1

On March 6, 2009, Petitioner pled guilty, pursuant to the terms of a written plea agreement, to the drug conspiracy count contained in the indictment. See (Id., Doc. No. 14: Plea Agreement). In exchange for Petitioner's plea, the Government dismissed the remaining counts. In the written plea agreement, Petitioner waived the right to contest his conviction or sentence in a post-conviction proceeding with the exception of claims of ineffective assistance of counsel or prosecutorial misconduct. (Id. at 4).

In Petitioner's presentence report, the probation officer concluded that Petitioner qualified as a career offender under § 4B1.1 of the United States Sentencing Guidelines based on a series of prior felony convictions in North Carolina Superior Court, including a 2001 conviction for possession with intent to sell or deliver cocaine, a 2001 conviction for delivery of cocaine, a 2004 conviction for breaking and entering, and a 2006 conviction for possession with intent to sell or deliver cocaine. See (Id., Doc. No. 19 at 7; 9-12: Presentence Investigation Report).

Based on Petitioner's status as a career offender, the probation officer calculated an advisory guidelines range of imprisonment of 262 to 327 months, based on a total offense level of thirty-four and a criminal history category of VI. (Id. at 17). At sentencing, this Court departed downward based on defendant's substantial assistance and voluntary disclosure of his offense, and sentenced Petitioner to 144 months in prison. (Id., Doc. No. 31 at 2: Judgment; Doc. No. 32 at 2: Statement of Reasons).

The Court entered judgment on September 8, 2010, and Petitioner did not appeal. On July 27, 2012, Petitioner filed the instant motion to vacate, contending that he was erroneously sentenced as a career offender based on prior convictions that no longer qualify as felonies in light of Simmons. (Doc. No. 1 at 4).

## II.     STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)(4).

Here, Petitioner's judgment became final on September 22, 2010, when his time for filing a notice of appeal expired. See FED. R. APP. P. 4(b). Petitioner's motion, filed nearly two years later on July 27, 2012, is therefore untimely under § 2255(f)(1). Furthermore, none of the other

## II.     STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)(4).

Here, Petitioner's judgment became final on September 22, 2010, when his time for filing a notice of appeal expired. See FED. R. APP. P. 4(b). Petitioner's motion, filed nearly two years later on July 27, 2012, is therefore untimely under § 2255(f)(1). Furthermore, none of the other

## II.     STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)(4).

Here, Petitioner's judgment became final on September 22, 2010, when his time for filing a notice of appeal expired. See FED. R. APP. P. 4(b). Petitioner's motion, filed nearly two years later on July 27, 2012, is therefore untimely under § 2255(f)(1). Furthermore, none of the other

subsections under § 2255(f) applies to render the petition timely.  In sum, Petitioner's motion to vacate is time-barred.[1]

The Court further notes that even if Petitioner's claims were not time-barred, Petitioner explicitly waived his right to challenge his sentence in a post-conviction proceeding in his plea agreement.  Such waiver is enforceable as long as the defendant waives this right knowingly and voluntarily.  See <u>United States v. Lemaster</u>, 403 F.3d 216, 220 (4th Cir. 2005) ("[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary.").  Here, Petitioner does not allege in his motion that his plea was either unknowing or involuntary, nor could he, as the Rule 11 colloquy establishes that he pled guilty understanding the charge to which he was pleading guilty as well as the consequences of his plea, including his waiver of his right to challenge his sentence in a Section 2255 post-conviction proceeding.  Petitioner has not presented either a claim of ineffective assistance of counsel or a claim of prosecutorial misconduct.  Accordingly, neither of the exceptions to his waiver applies, and, even if not time-barred, his motion would be subject to dismissal.

**IV.   CONCLUSION**

---

[1] Furthermore, even if this Court were to apply equitable tolling Petitioner would still not be entitled to relief on the merits since his sentence was less than the statutory maximum sentence allowed even without the career offender enhancement.  See <u>United States v. Powell</u>, 691 F.3d 554, 563 n.2 (4th Cir. 2012) (King, J., dissenting in part and concurring in the judgment in part) (noting that career offenders do not receive sentences exceeding the applicable statutory maximum and thus "cannot rely on <u>Carachuri</u> to obtain § 2255 relief").  Furthermore, because the Court departed downward based on Petitioner's substantial assistance, Petitioner's 144-month sentence was well below the otherwise applicable guidelines range of 262 to 327 months.

For the foregoing reasons, the Court dismisses Petitioner's § 2255 petition as untimely.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as untimely.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: May 19, 2013

Frank D. Whitney
United States District Judge